GENERAL ANILINE & FILM CORPORATION, Plaintiff, *v.* FREDERICK H. FRANTZ et al., Defendants.

Supreme Court, Broome County, September 21, 1966.

*Coughlin, Dermody, Ingalls & Guy* (*George G. Coughlin,
James Sherwin* and *Richard B. Long* of counsel), for plaintiff.
*Leon F. Simmonds* and *Cushman, Darby & Cushman* (*Allen
Kirkpatrick* and *Keven E. Joyce* of counsel), for Frederick H.
Frantz et al., defendants.

ROBERT O. BRINK, J. The above-named defendants have
applied to this court for modification of a decision and judgment
rendered following a trial without a jury. Such judgment among
other things grants a permanent injunction, restraining the
defendants from manufacturing and selling an electrostatic office
copying machine containing certain trade secrets found to have
been misappropriated from the plaintiff.

The defendants seek to modify that portion of the decision
and judgment which sets forth the findings of this court as to
the trade secrets included in the injunction by changing the
language describing the trade secrets to the particular
phraseology suggested by the defendants.

In reading the decision and judgment, it seems apparent that
the description of the trade secrets limits their scope and
application to their conception in the G. A. F. Prototype as
redesigned by Designers for Industry.

The defendants in their proposed modification in some
instances seek to reaffirm this limitation to the G. A. F. Proto-
type. The judgment clearly makes such limitation and further
clarification seems unnecessary.

The defendants' suggestions that this court describe the trade
secrets listed as No. 1 and No. 3 in their own particular language
are not in strict conformity with the evidence and are
unacceptable to this court.

Defendants' application for modification of the findings
should be denied with one exception. The 6th trade secret listed
by the court is as follows: " Synchronization of original and
copy paper handling sections in a compact office copier." After
further consideration, it is the opinion of this court that this
finding as to a trade secret should be deleted and the decision
and judgment modified accordingly for these reasons:

1. Synchronization is a necessary function of any copying
machine.

2. Synchronization is a mechanical process involving the
element of time based upon simple mechanical principles and in
itself does not constitute a trade secret in an office copying
machine of any size.

3. The configuration of all of the internal mechanism of
G. A. F. Prototype is included in the finding of the 8th and 9th
trade secrets.

4. Listing synchronization as a trade secret, even though tied in with the G. A. F. Prototype, might constitute confusion and misunderstanding as to the scope of the court's injunction.

Defendants have further moved for a stay of the injunction pending appeal. In conference it appeared that the defendants have discontinued manufacturing the Frantz 1100 and do not intend to resume the manufacture and sale of that product at the present time. However, they expressed a desire to retain in their possession the material and equipment referred to in the provisions of the decision and judgment covering the mandatory injunction for the purpose of furnishing parts to customers who had previously purchased the machines.

Defendants' application to stay the mandatory injunction pending the appeal is granted upon filing a bond for $50,000 within 10 days from service of notice of entry of an order to be entered conditioned on obedience by the defendants of any judgment or mandate of the court following appeal with respect to injunctive relief and the surrender of all equipment and material and the surrender and assignment of all patents and patent rights to the plaintiff, if so directed by the court following appeal. Such undertaking shall not provide for the payment of punitive damages, concerning which execution has already been stayed, nor compensatory damages which have not yet been assessed.

Any further stay is denied without prejudice to the defendants to apply for a more extensive stay at any time conditioned upon an adequate additional undertaking.

The plaintiff has applied for a hearing to fix compensatory damages. Inasmuch as the defendants have appealed from the decision and interlocutory judgment of the court herein, in the opinion of this court all further proceeding should be stayed pending the determination of such appeal.